[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff Deborah McQueen appeals from the summary judgment granted by the trial court to defendants W4H2D and William Dixon. McQueen was injured after Dixon, the property manager for her landlord, W4H2D, had entered her apartment on March 25, 1999, to collect her rent.
On appeal, McQueen argues that genuine issues of material fact precluded summary judgment on her claims for negligence, assault, breach of contract and violation of the Landlord-Tenant Act.[1] After reviewing the evidence submitted on the motion, including McQueen's affidavit and deposition, and Dixon's deposition, we agree.
The trial court must deny a party's motion for summary judgment unless, with the evidence viewed in the light most favorable to the party opposing the motion, it appears that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. See Civ.R. 56(C); Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
In this case, McQueen presented evidence indicating that Dixon had entered her apartment without notice or consent and without announcing himself. Upon hearing him enter her apartment, she jumped out of her bed and hid in the bathroom closet. Partially undressed and fearing an attack, she held the closet door shut from the inside. Dixon forced the closet door open, injuring McQueen's shoulder.
McQueen's shoulder injury required surgery and caused her to miss six months of work. She also suffered from nightmares. Construing this evidence in the light most favorable to McQueen, as required under Civ.R. 56, we hold that factual disputes remain as to the issues of liability and damages on McQueen's claims for negligence, assault, breach of contract and violation of the Landlord-Tenant Act.
Accordingly, the assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for a trial on the merits.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] Specifically, R.C. 5321.04(A)(8) and (B).